IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
EASTERN DIVISION

ELMER BLANCHARD, JR.                                                              PLAINTIFF

VS.                                                                NO.  2:22-cv-24-TBM-RPM

NEW YORK LIFE INSURANCE
COMPANY and AARP                                                              DEFENDANTS

**Notice of Removal**

TO:   Janette Nolan, Circuit Clerk
      Marion County, Mississippi
      250 Broad Street, Suite 1
      Columbia, MS 39429

      Joseph L. Turney
      Joseph L. Turney, PLLC
      716 Main Street
      Columbia, MS 39429

You are hereby given notice that the defendants, New York Life Insurance Company ("New York Life") and AARP, have removed this action from the Circuit Court of Marion County, Mississippi, in which the case was filed as Civil Action No. 22-cv-00022-AM, to the United States District Court for the Southern District of Mississippi, Eastern Division. The bases for removal are set forth below:

1.

This Notice of Removal is filed pursuant to 28 U.S.C. 1332, 1441, and 1446.

2.

Jurisdiction: This case is a controversy between citizens of different States, in which the amount in controversy exceeds the sum or value of $75,000, exclusive of interest and costs. This Court has subject-matter jurisdiction pursuant to diversity of citizenship under 28 U.S.C. 1332, as explained below.

A) Plaintiff's citizenship: According to the complaint, plaintiff Elmer Blanchard, Jr. is an adult resident citizen of Marion County in the State of Mississippi. Plaintiff is domiciled in the State of Mississippi, and is a citizen of Mississippi. Plaintiff is not a citizen of the State of New York or the District of Columbia.

B) New York Life's citizenship: Defendant New York Life is a citizen of the State of New York, being incorporated and organized pursuant to the laws of New York and having its principal place of business in New York. New York Life is not a citizen of Mississippi.

C) AARP's citizenship: Defendant AARP (formerly known as American Association of Retired Persons) is a citizen of the District of Columbia, being incorporated in the District of Columbia and having its principal place of business in Washington, D.C. in the District of Columbia. Pursuant to 28 U.S.C. 1332(e), the District of Columbia is considered a "State" for purposes of diversity of citizenship. AARP is not a citizen of Mississippi.

D) Amount in controversy: The amount in controversy exceeds the requisite jurisdictional amount of $75,000, exclusive of interest and costs. The Complaint does not specify the amount of damages sought by Plaintiff. It is clear, however, that the amount in controversy exceeds the minimum amount for diversity of citizenship for two reasons:

(i) The Complaint demands "judgment for actual damages against the Defendant for breach of contract; punitive damages for bad faith; attorney's fees and cost of

litigation in an amount to be determined by the Court; prejudgment and post-judgment interests; for such other and further relief, special and general, at law and in equity to which Plaintiff may show herself justly entitled; and any other compensation or amount justified to be determined by a trier of fact at the trial of this matter." Plaintiff's demands demonstrate it is "facially apparent" that Plaintiff seeks to recover more than $75,000 exclusive of interest and costs.

(ii) Plaintiff and New York Life engaged in settlement discussions, in which Plaintiff's counsel on February 10, 2022 conveyed an offer to New York Life, demanding $177,500 "to settle all claims, actual and punitive, as filed in [the] Complaint." That settlement demand demonstrates that the amount in controversy exceeds $75,000, exclusive of interest and costs. *See, e.g., Grayson v. Moncla Well Service, Inc.*, 844 F.Supp.2d 789 (S.D. Miss. September 2, 2011) (settlement demand above $75,000 demonstrated amount in controversy was within jurisdictional limits for removal purposes).

3.

Venue: This action was filed in the Circuit Court of Marion County, Mississippi, which is situated in this District and Division. The case is therefore properly removed to this Court pursuant to 28 U.S.C. 1442(a).

4.

Timeliness of removal: This Notice of Removal is timely filed pursuant to 28 U.S.C. § 1446(b), in that it is filed within thirty days of first receipt by defendants, through service or otherwise, of a copy of the initial pleading setting forth the claims for relief upon which the state court proceeding is based. The Complaint was filed on February 3, 2022. Furthermore, the

amount in controversy was established on February 10, 2022, when the settlement demand referenced above was sent to New York Life. *See* 28 U.S.C. 1446(b)(3) (case may be removed within thirty days of defendant's receipt of "other paper" from which it may first be ascertained that the case is one which is or has become removable).

5.

Joinder of all defendants:  As required by 28 U.S.C. 1446(b)(2), both defendants in this action have joined in this Notice of Removal, as shown by the signature of their counsel, below.

6.

Attached documents:  28 U.S.C. 1446(a) requires that a copy of all process, pleadings, and orders served upon Defendants must be filed with this Notice of Removal.  However, neither defendant has been served with process.  A copy of the Complaint, and copies of the summonses issued by the State Court are attached hereto as Exhibits A, B, and C.

7.

Notice to Plaintiff and State Court:  Pursuant to 28 U.S.C. 1446(d), Defendants are this day giving notice to all adverse parties, and filing a copy of this Notice of Removal with the Clerk of the Circuit Court of Marion County, Mississippi.

WHEREFORE, defendants New York Life and AARP file this Notice of Removal and remove this civil action to the United States District Court for the Southern District of Mississippi, Eastern Division.  Pursuant to 28 U.S.C. 1446(d), this case shall proceed no further in the State Court unless and until the case should be remanded by order of said United States District Court.

Respectfully submitted, this the 2nd day of March, 2022.

                                          Respectfully submitted,

                                          NEW YORK LIFE INSURANCE COMPANY
                                          and AARP

                                          By:  /s  William F. Ray
                                              William F. Ray

OF COUNSEL:

William F. Ray (MSB No. 4654)
WATKINS & EAGER PLLC
400 East Capitol Street
Jackson, Mississippi 39201
Post Office Box 650
Jackson, Mississippi 39205
Telephone: (601) 965-1900
Facsimile: (601) 965-1901
Email: wray@watkinseager.com

## CERTIFICATE OF SERVICE

I, William F. Ray, as attorney for the Defendants New York Life Insurance Company and AARP, do hereby certify that I have this day served a true and correct copy of the above and foregoing Notice of Removal, by United States mail, postage pre-paid, upon:

    Janette Nolan, Circuit Clerk
    Marion County, Mississippi
    250 Broad Street, Suite 1
    Columbia, MS 39429

    Joseph L. Turney
    Joseph L. Turney, PLLC
    716 Main St.
    Columbia, MS 39429

This the 2nd day of March, 2022.

                                          /s  William F. Ray
                                          William F. Ray